```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                 EASTERN DISTRICT OF OKLAHOMA
```

KATHRYN LEE CHESBRO,            )
                                )
          Plaintiff,            )
                                )
v.                              )   Case No. CIV-14-441-FHS-KEW
                                )
CAROLYN W. COLVIN, Acting       )
Commissioner of Social          )
Security Administration,        )
                                )
          Defendant.            )

**REPORT AND RECOMMENDATION**

Plaintiff Kathryn Lee Chesbro (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on March 6, 1962 and was 51 years old at the time of the ALJ's decision. Claimant completed her education through the tenth grade. Claimant has worked in the past as a house cleaner, school custodian, and kitchen worker in a hospital. Claimant alleges an inability to work beginning June 1, 2011 due to

3

limitations resulting from depression/mental health problems and heavy menstrual bleeding.

## Procedural History

On November 21, 2011, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On March 28, 2013, Administrative Law Judge Edmund C. Werre ("ALJ") conducted an administrative hearing in Tulsa, Oklahoma. On April 18, 2013, the ALJ issued an unfavorable decision. The Appeals Council denied review on August 5, 2014. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the RFC to perform her past relevant work. The ALJ also determined Claimant could perform a full range of work at all exertional levels with limitations.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to find Claimant met a listing; (2) failing to identify all of her

4

severe impairments at step two; (3) failing to adequately consider the combined impact of Claimant's impairments; (4) reaching a decision not supported by substantial evidence; (5) failing to properly evaluate Claimant's non-exertional limitations; and (6) finding Claimant has the RFC to perform a full range of work at all exertional levels with minimal or no contact with the public.

## Consideration of a Listing

In his decision, the ALJ determined Claimant suffered from the severe impairments of bipolar disorder/depressive disorder, NOS, and polysubstance dependence. (Tr. 13). He concluded that Claimant retained the RFC to perform her past relevant work as an equipment cleaner, kitchen helper, and machine operator. (Tr. 23). The ALJ also found Claimant could perform a full range of work at all exertional levels with the following non-exertional limitations:

> The claimant is able to understand, remember and carry out simple instructions consistent with unskilled work that is repetitive and routine in nature and able to relate and interact with co-workers and supervisors on a work-related basis only with no or minimal interaction with the general public. Additionally, the claimant can adapt to work situations with these limitations/restrictions and her medications would not preclude her for remaining reasonably alert to perform required functions presented in a work setting.
>
> (Tr. 15).

5

After consultation with a vocational expert, the ALJ determined Claimant could perform the representative jobs of hand packager, sorter, and clerical mailer, all of which existed in sufficient numbers in the regional and national economies. (Tr. 24). Based upon these findings, the ALJ concluded Claimant was not disabled from June 1, 2011 through September 30, 2011, the date last insured. Id.

Claimant contends the ALJ failed to properly evaluate whether she met Listing 12.04 for affective disorders. The ALJ evaluated Claimant's limitations under Listing 12.04 and 12.09. (Tr. 13).

The ALJ is required to follow the procedure for determining mental impairments provided by regulation. 20 C.F.R. §§ 404.1520a, 416.920a; *See*, Listing of Impairments. The procedure must be followed for the evaluation to be considered valid. Andrade v. Sec. of Health & Human Services, 985 F.2d 1045, 1048 (10th Cir. 1993). The ALJ must first determine whether there are medical findings of mental impairment especially relevant to the ability to work found in Part A of the Listing of Impairments. 20 C.F.R. §§ 404.1520a(b)(2), 416.920a(b)(2). Additionally, Claimant must show he satisfies two of the following required restrictions: (1) marked restriction in activities of daily living; or (2) marked difficulties in maintaining social functioning; or (3) marked difficulties in maintaining concentration, persistence, or pace; or

6

(4) repeated episodes of decompensation, each of extended duration. 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00C, 12.04.  The ALJ must then either evaluate the degree of functional loss resulting from the impairment, using the Part B criteria, or examine the special criteria set forth in the listings for evaluating the severity of particular impairments.

In examining the Part B criteria, the ALJ found Claimant had mild restrictions in activities of daily living, moderate difficulties in social functioning, moderate difficulties in concentration, persistence, or pace, and no episodes of decompensation of extended duration.  (Tr. 14).  Claimant contends the unsigned Psychiatric Review Technique in the record demonstrates Claimant meets the criteria of Part A.  Even if this were true, the same form shows Claimant does not meet the Part B criteria.  Claimant was estimated to have a marked limitation in social functioning but no other criteria.  (Tr. 252).  Claimant does not meet Listing 12.04.

**Step Two Analysis**

Claimant next asserts the ALJ erred in failing to include her fibroid uterine tumors and abnormally heavy menstrual bleeding as severe impairments at step two.  Where an ALJ finds at least one "severe" impairment, a failure to designate another impairment as "severe" at step two does not constitute reversible error because,

7

under the regulations, the agency at later steps considers the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity.  Brescia v. Astrue, 287 F. App'x 626, 628-629 (10th Cir. 2008).  The failure to find that additional impairments are also severe is not cause for reversal so long as the ALJ, in determining Claimant's RFC, considers the effects "of all of the claimant's medically determinable impairments, both those he deems 'severe' and those 'not severe.'"  Id. quoting Hill v. Astrue, 289 F. App'x. 289, 291-292, (10th Cir. 2008).

The evidence indicates the ALJ considered Claimant's assertions of a heavy menstrual flow but found it was not supported by the record.  In fact, the first and only mention of the severity of the condition is Claimant's testimony at the hearing.  (Tr. 54-55).  Therefore, the ALJ discounted the condition as a non-severe impairment.  (Tr. 13).  The omission of this condition at step two is not reversible error.

**Support with Substantial Evidence**

Claimant contends the ALJ failed to consider the impairments in combination.  The ALJ stated he considered the severity of the impairments in combination and discussed them as such throughout the decision.  The Court will take the ALJ at his word that he considered the combination of impairments.  Flaherty v. Astrue, 515

8

F.3d 1067, 1071 (10th Cir. 2007).

Claimant next asserts that the ALJ should have considered her GAF scores in combination with a long history of mental disorders. Without doubt, a low GAF is not conclusive on the issue of whether a claimant is unable to perform the necessary functions of employment. "The GAF is a subjective determination based on a scale of 100 to 1 of the clinician's judgment of the individual's overall level of functioning. Langley v. Barnhart, 373 F.3d 1116, 1122 n. 3 (10th Cir. 2004). The Tenth Circuit through a series of unpublished decisions has made it clear that the failure to discuss a GAF alone is insufficient to reverse an ALJ's determination of non-disability. *See*, Lee v. Barnhart, 2004 WL 2810224, 3 (10th Cir. (Okla.)); Eden v. Barnhart, 2004 WL 2051382, 2 (10th Cir. (Okla.)); Lopez v. Barnhart, 2003 WL 22351956, 2 (10th Cir. (N.M.)). The foundation for this statement is the possibility that the resulting impairment may only relate to the claimant's social rather than occupational sphere. Lee, *supra* at 3. The omission of a consideration of the GAF scores as a basis for finding disability is not error.

At the heart of the ALJ's decision is a finding of dubious credibility on Claimant's part. The ALJ cited to numerous inconsistencies in Claimant's testimony, found she quit working for reasons unrelated to her impairments, determined Claimant was not

9

forthcoming in her drug use, and noted Claimant's treatment had been effective in spite of her testimony of disability. Claimant had not been compliant with treatment recommendations. Claimant's activities did not comport with her testimony of functional limitations. (Tr. 21-23).

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id.

Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the

individual's functional limitations and restrictions due to pain or other symptoms.  Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

The ALJ methodically outlined the inconsistencies and discrepancies between the facts of record and Claimant's testimony which resulted in reduced credibility.  This Court finds no error in the ALJ's analysis.

Claimant also contends the ALJ did not consider her non-exertional limitations.  The ALJ clearly considered all of these limitations in his decision.  (Tr. 15-20).

**Step Five Analysis**

Claimant asserts the ALJ did not but should have accepted the testimony from the vocational expert that with all of the limitations to which Claimant testified, no jobs are available either regionally or nationally.  However, the hypothetical questions posed by Claimant's counsel to the vocational expert included limitations which were discounted by the ALJ due to the lack of credibility found in Claimant's testimony.  The ALJ accurately represented his RFC findings in his questioning of the vocational expert.  The ALJ is nor required to accept the answer to the hypothetical question that included limitations claimed by Claimant but not accepted by the ALJ as supported by the record. Bean v. Chater, 77 F.3d 1210, 1214 (10th Cir. 1995).  This Court finds no error in the ALJ's step five questioning of the vocational

expert nor in the RFC used as a basis for that questioning.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**.

The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 15th day of March, 2016.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE